# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDI N. SILVERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-108-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Brandi N. Silvers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 24, 1987 and was 24 years old at the time of the ALJ's decision. Claimant completed her high school education with special education classes. Claimant has no past relevant work. Claimant alleges an inability to work beginning August 1, 2004 due to limitations resulting from learning problems, problems following instructions, difficulty understanding even

simple tasks, memory problems, concentration problems, problems with reading comprehension, problems with math, problems getting along with other people, right knee pain, ADHD, and borderline intellectual functioning.

**Procedural History**

On July 22, 2010, Claimant protectively filed for child disability insurance benefits and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 7, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Trace Baldwin in McAlester, Oklahoma. By decision dated January 3, 2012, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on March 1, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with

limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider whether Claimant's impairments were medically equivalent to a listed impairment; and (2) setting forth step five findings that were not supported by substantial evidence.

**Consideration of the Listings**

In his decision, the ALJ found Claimant suffered from the severe impairments of borderline intellectual functioning and obesity. (Tr. 13). The ALJ determined Claimant retained the RFC to perform sedentary work except that she could perform only simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, and could not relate to the general public, but could adapt to a work situation. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of document preparer and call out operator, which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 20). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 20-21).

Claimant contends the ALJ improperly determined that her impairments were not medically equivalent to Listing 12.05C. To meet or equal Listing § 12.05C, a claimant must demonstrate the

5

following:

>12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
>The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
>* * *
>
>C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
>* * *

20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Claimant was evaluated by Dr. B. Todd Graybill, a clinical psychologist, on January 16, 2006. On the WAIS-III testing, Claimant scored a Verbal IQ of 74, a Performance IQ of 76, and a Full Scale IQ of 73. Dr. Graybill believed the testing to be a valid representation of Claimant's current intellectual ability. (Tr. 291). Claimant was assessed as functioning in the borderline mentally retarded range intellectually. She was able to understand, retain, and follow simple instructions. Claimant's attention span and concentration abilities were impaired commiserate with her overall intellectual level. Claimant was dull and naive in her social skills. (Tr. 292).

Claimant contends her impairments are equivalent to Listing 12.05C since the evidence indicates her combined impairments were equivalent to the listing. Claimant references the Social Security Administration's Program Operations Manual System ("POMS") No. DI 24515.056(D)(1)(c) which provides the following instructions under Listing 12.05C:

> Slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitations of function may support an equivalence determination. It should be noted that generally higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.

POMS DI 24515.056(D)(1)(c).

"This evaluation tool, however, is used only when 'the capsule definition'" — i.e., the introductory paragraph—of Listing 12.05 is satisfied. Crane v. Astrue, 369 F. Appx. 915, 921 (10th Cir. 2010) (quoting POMS DI 24515.056(B)(1)). The introductory paragraph or "capsule definition" of Listing 12.05 requires a claimant to satisfy three criteria: (1) "significantly subaverage general intellectual functioning;" (2) "deficits in adaptive behavior;" and (3) "manifested deficits in adaptive behavior before age 22." Wall v. Astrue, 561 F.3d 1048, 1062 (10th Cir. 2009); Randall v. Astrue, 570 F.3d 651, 661 (5th Cir. 2009).

A review of the ALJ's decision demonstrates that he did not analyze whether Claimant met the "capsule definition". (Tr. 14-16). Moreover, Defendant's *post hoc* attempts to argue otherwise

7

notwithstanding, the ALJ determined that Claimant's obesity constituted a severe impairment. (Tr. 15). Claimant also suffered from other additional non-severe impairments such as memory and concentration problems associated with Claimant's ADHD. (Tr. 154, 295, 298, 329). Given the POMS permissible consideration of Listing 12.05C when the IQ is within a five point range of that specified by the Listing, the ALJ should consider whether (1) Claimant meets the "capsule definition" and (2) Claimant's additional impairments warrants the equivalency finding under the Listing on remand.

**Step Five Analysis**

The ALJ's hypothetical questioning of the vocational expert at step five was curious. The jobs identified by the vocational expert did not meet the reasoning level established for Claimant. (Tr. 37-38). On remand, the ALJ shall insure the jobs identified by the vocational expert take into account Claimant's functional limitations.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE